Frank **SPERRY**, Plaintiff,

v.

**POST PUBLISHING COMPANY,**
Defendant.

**Civ. No. B–90–140 (WWE).**

United States District Court,
D. Connecticut.

Sept. 30, 1991.

E. Stanton Kennedy, Thomas E. Mangines, Trumbull, Conn., for plaintiff.

Michael N. Lavelle, Pullman, Comley, Bradley and Reeves, Bridgeport, Conn., for defendant.

## DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

EGINTON, District Judge.

Plaintiff, Frank Sperry, was terminated by defendant, Post Publishing Company, ("Post") on January 19, 1989. At the time of his termination the plaintiff accepted the terms of the Post's voluntary separation program and signed a release. In compensation for his release the plaintiff received severance pay totaling $28,840 and a six month continuation of his group medical and life insurance coverage. Plaintiff filed this action on March 29, 1990, alleging age discrimination and wrongful termination. Finding that material facts existed as to the "voluntariness" of the plaintiff's release, this court denied defendant's motion for summary judgment. Subsequently, the defendant renewed its motion for summary judgment on the specific issue of plaintiff's ratification of the January 19, 1991, release. For the reasons set forth below, the defendant's renewed motion for summary judgment will be denied.

### DISCUSSION

Defendant's renewed motion for summary judgment asserts that the plaintiff received consideration for signing the release and retained the consideration even after claiming that the release was voidable. Defendant asserts that such conduct serves as a ratification of the release. *Di-Rose v. P.K. Management Corp.*, 691 F.2d 628 (2d Cir.1982). Defendant cites a fifth circuit decision setting forth a factual situation very similar to the instant action. In *Grillet v. Sears, Roebuck & Co.*, 927 F.2d 217 (5th Cir.1991) an employee received a substantial severance pay package at the time of her termination as consideration for the signing of a release. One year after her termination the employee brought suit, claiming that the release was voidable because of duress and misrepresentation at the time of signing. The court held that the employee's retention of the compensation, after she determined that there were grounds for her action based on duress and misrepresentation, acted as a ratification of the release. The court stated that in order

to maintain an action the employee would have been obligated to return the compensation to her employer, in a timely manner, after she learned that her release was voidable. *Grillet* at 220.

Although the facts in *Grillet* are similar to the case at hand, important differences do exist. In *Grillet,* pursuant to the terms of her release, the plaintiff received severance pay over the course of fifty weeks, continuing to accept payments for many months after she determined that grounds for a wrongful termination action existed. Plaintiff, Frank Sperry, received a one time, lump sum severance payment at the time of his termination. Unlike the plaintiff in *Grillet,* because of the lump sum severance payment, Sperry could only make a determination that he had grounds for a wrongful termination suit *after* he received all of his severance pay.

Given the facts presented by the instant action, it would be unreasonable to require an employee to reimburse his employer for compensation or severance benefits prior to the initiation of an action for wrongful termination. While not a reflection on the parties to the instant action, such a draconian policy would encourage an employer planning a wrongful termination to simultaneously offer some form of token compensation, and thus, under the *Grillet* court's reasoning, defeat a wrongful termination action.

It should be noted that an employer who finds himself a defendant in a wrongful termination action is not without redress. A defendant employer may assert the release contract as a defense, or bring a counterclaim to recover the compensation paid to the terminated employee.

### CONCLUSION

Accordingly, for the reasons articulated above, the defendant's motion for summary judgment is DENIED.

SO ORDERED.